IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRANDON MOODY, | : | |
|     Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| JUDE CONROY, et. al., | : | No. 10-2525 |
|     Defendants. | : | |

## MEMORANDUM

**Schiller, J.**                                                                                                                October 30, 2015

      Brandon Moody was a pre-trial detainee at the Curran Fromhold Correctional Facility (CFCF) on May 14, 2008, when correctional officers at the facility seized his mail, including communications with his attorney. Moody alleges that Defendants, Assistant District Attorney Jude Conroy and Detectives John Verrechio and Thomas Gaul, ordered this seizure without seeking a valid subpoena. Moody alleges that Defendants violated his First, Fourth, Sixth, and Fourteenth Amendment constitutional rights during the events surrounding the May 14 seizure. He also alleges a civil conspiracy to deprive him of constitutional protections, malicious abuse of process, and a civil conspiracy to commit malicious abuse of process. Defendants move to dismiss all of Moody's claims. The Court will grant the motions.

**I.**     **BACKGROUND**

      On May 14, 2008, correctional officers came to Moody's cell at CFCF and demanded that he hand over all his mail, pursuant to a court order from the District Attorney's office. (Second Am. Compl. ¶ 10.) Moody objected to the seizure of legal materials and communications with his attorney, but the officer stated that he was under orders to take everything and, in support of this claim, waved an unidentifiable piece of paper. (*Id.* ¶¶ 11–12.)

Moody handed over two manila envelopes, one containing personal materials and the other containing legal materials including discovery material, trial tactics, and privileged attorney-client correspondence. (*Id.* ¶ 15.) Moody expressed concern about the confiscation of his legal materials to the Lieutenant in his Housing Unit, but was not provided with a copy of the court order mandating the seizure. (*Id.* ¶¶ 16–22.)

On May 19, 2008, Judge Jeffrey P. Minehart presided over an *in limine* hearing prior to Moody's criminal trial, in which Moody's attorney and his co-defendant's attorney challenged the May 14 seizure. (Second Am. Compl. Ex. B [May 19 Transcript].) At that hearing, Conroy represented that the correctional officers had seized the material at the Detectives' request, and that Detective Verrechio had picked up the documents seized from Moody at CFCF and given them to Conroy. (Second Am. Compl. ¶¶ 23–25.) The following day, Verrechio testified that he reviewed the materials. (*Id.* ¶ 27.) He also testified that he ordered the seizure pursuant to a subpoena, but nobody was able to produce a copy of the subpoena. (*Id.* ¶ 30.) None of Moody's legal materials were returned until after the trial, and the materials that were returned at that time were incomplete. (*Id.* ¶ 29.) Moody was convicted on May 23, 2008 and sentenced on July 9, 2008. (*Id.* ¶ 31.) He is currently confined at the State Correctional Institution at Frackville. (*Id.* ¶ 1.)

Moody initially filed a request to proceed *in forma pauperis* on May 24, 2010. This Court granted that motion, and the Complaint was initially filed on September 22, 2010. Moody filed the Second Amended Complaint on September 3, 2015.

## II.     STANDARD OF REVIEW

In reviewing a motion to dismiss for failure to state a claim, a district court must accept as true all well-pleaded allegations and draw all reasonable inferences in favor of the non-

moving party. *See Powell v. Weiss*, 757 F.3d 338, 341 (3d Cir. 2014). A court need not, however, credit "bald assertions" or "legal conclusions" when deciding a motion to dismiss. *Anspach ex rel. Anspach v. City of Phila., Dep't of Pub. Health*, 503 F.3d 256, 260 (3d Cir. 2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Factual allegations [in a complaint] must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a motion to dismiss, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. In deciding a motion to dismiss, the court may consider "allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014).

## III. DISCUSSION

Defendants argue that Moody's claims are barred by the statute of limitations. While affirmative defenses, such as the statute of limitations, generally may not form the basis of a dismissal under Rule 12(b)(6), the defense can be raised at this stage if the face of the complaint makes clear that the statute of limitations has run. *Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir. 2002). Claims brought under §§ 1983 and 1985 are subject to the statute of limitations of the state where they originate. *Lake v. Arnold*, 232 F.3d 360, 368 (3d Cir. 2000). Pennsylvania's statute of limitations for personal injury claims, including malicious abuse of process, is two years. 42 Pa. Cons. Stat. Ann. § 5524; *see also Lake*, 232 F.3d at 368. Federal law governs when the statute of limitations on a § 1983 claim begins to run. *Leonard v. City of Pittsburgh*, 570 F. App'x 241, 244 (3d Cir. 2014). The claim accrues when the plaintiff knows or has reason to know of the injury at issue. *MacNamara v. Hess*, 67 F. App'x 139, 143 (3d Cir. 2003). However, federal courts also apply state law tolling principles. *Leonard*, 570 F. App'x at 244. Much like the federal rule governing the accrual of a § 1983 claim, Pennsylvania's discovery rule tolls the

statute of limitations until the party "discovers or reasonably should discover that he has been injured." *Fine v. Checcio*, 870 A.2d 850, 859 (Pa. 2005). Additionally, Pennsylvania's equitable estoppel doctrine tolls the statute of limitations if the defendants intentionally misinformed or concealed information from the plaintiff. *Lake*, 232 F.3d at 367.

The seizure of documents that gave rise to the claims in the Second Amended Complaint undisputedly occurred on May 14, 2008. (Second Am. Compl. ¶ 10.) However, Moody argues that his cause of action did not accrue on that date, because until he reviewed the transcripts of the pretrial hearing on this subject, he did not know that the subpoena on which the correction officers relied was not valid. (Opp'n to Defs. Gaul, Verrechio, and City of Philadelphia's Mot. to Dismiss, at 5; Opp'n to Def. Conroy's Mot. to Dismiss, at 4.) Even assuming the pretrial testimony was necessary for Moody to know about the alleged violations, the face of the Second Amended Complaint makes clear that May 20, 2008 was the latest date that the statute of limitations could have begun to run. The transcripts attached to the Second Amended Complaint indicate that Moody's attorney at the time, Todd Henry, was present at both pretrial hearings, and that Moody himself was present on May 20. (May 19 Transcript, at 1; Second Am. Compl. Ex. C [May 20 Transcript], at 43.) Thus, Moody knew or should have known about Verrechio's testimony and Conroy's statements at those hearings when they occurred. The facts alleged in the Second Amended Complaint and the attached exhibits do not support the contention that Moody could not have known about his injury until he reviewed the transcripts of those hearings. (*See* Second Am. Compl. ¶ 30.)

Moody's reliance on equitable estoppel to save his claims is similarly unpersuasive, even assuming that Defendants intentionally concealed the nature of the subpoena. In order to plead the applicability of equitable estoppel, a plaintiff must allege facts showing both (1) intentional

concealment of the injury at issue and (2) a tolling date (when a reasonable person would have learned of the injury despite the concealment) that makes the complaint timely. *See Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1392 (3d Cir. 1994) (discussing equitable estoppel in the Title VII context, in a discussion cited in the § 1983 context in *Perelman v. Perelman*, 545 F. App'x 142, 152 (3d Cir. 2013)); *Elia v. Powell*, No. 3:11-CV-465, 2012 WL 601885, at *3 (M.D. Pa. Feb. 23, 2012) (applying equitable estoppel and dismissing a § 1983 claim under Rule 12(b)(6) because the statute of limitations could only be tolled to the date when the Plaintiffs knew or should have known about the wrongdoing). Here, equitable estoppel only tolls the statute of limitations until May 20, 2008, when Moody reasonably should have known about his injury.

The Court therefore concludes that the statute of limitations began to run in this case no later than May 20, 2008. Since Moody filed his initial request to proceed *in forma pauperis* on May 24, 2010, more than two years later, his claims are untimely and must be dismissed.[1]

**IV.    CONCLUSION**

For the foregoing reasons, the Court grants Defendants' motions to dismiss. An Order consistent with this Memorandum will be docketed separately.

---

[1] Though the law requires dismissal of Plaintiff's claims, the allegations in the Second Amended Complaint are troubling. The Court urges the proper entities to investigate and, if necessary, discipline any individuals who acted improperly in seizing Moody's materials.