# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRANDON MOODY, | : | |
|     Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| JUDE CONROY, et al., | : | No. 10-2525 |
|     Defendants. | : | |

## MEMORANDUM

**Schiller, J.**                                                                                                     June 1, 2018

      Brandon Moody seeks to reopen the time to file an appeal nearly six months after this Court dismissed his complaint. Because Moody has shown that it is likely that he never received this Court's previous Order dismissing the case, the Court will allow him to file an appeal within 14 days.

## I. BACKGROUND

      In 2010, Moody filed a complaint alleging that correctional officers seized his legal mail in violation of the First, Fourth, Sixth, and Fourteenth Amendments more than two years earlier when he was a pre-trial detainee at Curran-Fromhold Correctional Facility. This Court dismissed the complaint on statute of limitations grounds. On appeal, the Third Circuit remanded so that this Court could apply the prison mailbox rule to determine whether Moody's complaint was timely filed. *Moody v. Conroy*, 680 F. App'x 140, 144 (3d Cir. 2017). On July 24, 2017, this Court did so and again dismissed Moody's complaint as barred by the statute of limitations. The docket lay dormant until January 22, 2018, when Moody filed the current motion before the Court.

Moody now argues that he never received notice of the July 24, 2017 Order and moves to reopen the time to appeal that Order under Federal Rule of Appellate Procedure ("Appellate Rule") 4(a)(6). (Pl.'s Mot. to Reopen Time to Appeal at 1–2, ECF No. 88.) According to Moody, he learned that his case had been dismissed on January 16, 2018, when he checked the docket at the prison's law library. (*Id.* at 1.) Prior to then, Moody had not had the opportunity to do any research at the law library. (*Id.*) Moody "declares and attests" that he never received a copy of the Order or any other notice of the disposition of his case. (*Id.*; *see* Pl.'s Reply to Opp'n to Reopen Time to Appeal at 1, ECF No. 91; Pl.'s Mot. to Compel Ex. A, ECF No. 92.)[1]

## II. DISCUSSION

Here, Moody was required to file a notice of appeal within 30 days of the date of entry of the judgment or order being appealed. *See* Fed. R. App. P. 4(a)(1)(A). However, if a moving party does not file a notice of appeal within 30 days, the court may reopen the time to file an appeal for a period of 14 days if:

> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>
> (B) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6). A court cannot reopen the time to appeal due to lack of notice alone— only Appellate Rule 4(a)(6) permits a court to reopen the time to appeal. *See* Fed. R. Civ. P.

---

[1] Moody also filed a motion to compel the production of the prison's mail logs showing mail he received from the Court around July 2014. Because Defendants attached the mail logs to their response and Moody incorporated that evidence into his reply brief, that motion is moot.

77(d)(2) ("Lack of notice of the entry does not affect the time for appeal or relieve—or authorize the court to relieve—a party for failing to appeal within the time allowed, except as allowed by Federal Rule of Appellate Procedure 4(a).")

Rule 77(d) requires the clerk of court to immediately serve notice of an order or judgment on the parties as provided in Rule 5(b) and record the service on the docket. Fed. R. Civ. P. 77(d). Rule 5(b), in turn, states that service can be made by "mailing it to the person's last known address—in which event service is complete upon mailing." Fed. R. Civ. P. 5(b)(2)(C).

### A. Appellate Rule 4(a)(6)(A): Notice of Order

Defendants[2] argue that Moody is not entitled to relief because he filed his Motion to Reopen the Time to Appeal more than 21 days after service, thus failing Appellate Rule 4(a)(6)(A). (Defs.' Opp'n to Mot. to Reopen Time to Appeal, ECF No. 90.) According to Defendants, service was properly made under Rule 77(d)—and the 21-day period in Appellate Rule 4(6)(A) began—when the clerk's office mailed the Order to Moody on July 24, 2017. (*Id.* at 3–4.) Defendants note that it is Moody's burden to show a flaw in service and claim that Moody has not substantiated his claims of a defect in service or interference by prison officials. (*Id.*)

Moody argues that the time for him to file a motion under Appellate Rule 4(a)(6) should be extended because he never received notice of the Court's July 24 Order. (Pl.'s Mot. to Reopen Time to Appeal at 1–2.) After initially asserting that he did not receive the Order due to the clerk's error (*id.*), Moody alleged that prison officials interfered with his mail. (Pl.'s Reply to Opp'n to Reopen Time to Appeal at 1; *see* Pl.'s Mot. to Compel at 1–2; Pl.'s Reply to Opp'n to Mot. to Compel 1, ECF No. 96.) The docket shows that while the Order was sent to Moody's

---

[2] Detectives John Verrechio and Thomas Gaul oppose Moody's motion. Assistant District Attorney Jude Conroy has not responded to Moody's motion.

3

former counsel, it was also mailed to Moody. (Docket, ECF No. 87.) Moody does not allege that the Order was mailed to an incorrect address and he concedes that he received other mail from the clerk's office. (*See* Pl.'s Reply to Opp'n to Mot. to Compel 1–2.)

As an initial matter, the Court finds it likely that Moody did not, in fact, receive a copy of this Court's July 24, 2017 Order. In response to Moody's motion to compel, Defendants voluntarily attached prison legal mail logs. (Defs.' Opp'n to Mot. to Compel Ex. A, ECF No. 93.) The mail logs show that Moody received one mailing from the District Court a week before its July 24 Order and another mailing on August 9, 2017, 16 days after the relevant Order was entered. (*Id.*) Defendants argue that the August 9, 2017 mailing must have been this Court's July 24 Order, as this is the only case Moody has pending in this District. (Defs.' Opp'n to Mot. to Compel at 2.) Moody claims, however, that both mailings were receipts from the clerk's office for partial payments of his filing fee dated July 12, 2017 and August 4, 2017, and not substantive communications from the Court. (Pl.'s Reply to Opp'n to Mot. to Compel at 1–2.) As the docket shows, the clerk of court issued receipts for filing fee payments from Moody on July 12, 2017 and August 4, 2017. Moody attached his monthly account statement showing withdrawals for the filing fees, a receipt for his August payment, and an envelope from the clerk's office postdated August 7, 2017. (Pl.'s Reply to Opp'n to Mot. to Compel Exs. A, B, & C.) Based on this evidence, the August 9, 2017 mail log entry more likely reflects receipt of the August 4, 2017 filing fee payment, not the July 24, 2017 Order. Therefore, the Court finds that Moody did not receive notice of its Order.

The question, then, is whether the time period in Rule 4(a)(6)(A) begins to run from the date of service, even when the movant did not receive the pertinent order. Defendants argue that the Rule does not require receipt, but merely proper service under Rule 77(d), and that Moody

must substantiate his claims of a defect in service. (Defs.' Opp'n to Mot. to Reopen Time to Appeal at 2–3.)

Defendants' argument, however, removes all force from the Rule's requirement that the movant "did not *receive* notice." Fed. R. App. P. 4(a)(6)(A) (emphasis added). As Judge Easterbrook has noted, "Appellate Rule 4(a)(6) does not mesh perfectly with Civil Rules 5(b) and 77(d). Rule 4(a)(6) talks of 'receipt' of a document under Rule 77(d); but Rules 77(d) and 5(b) concern 'service' rather than receipt." *Khor Chin Lim v. Courtcall Inc.*, 683 F.3d 378, 380 (7th Cir. 2012). As such, the Seventh Circuit held that that Appellate Rule 4(a)(6) requires both effective service and receipt of the order or judgment. *Id.* Several other courts of appeals have adopted this interpretation, as well. *See, e.g.*, *In re WorldCom, Inc.*, 708 F.3d 327, 335 (2d Cir. 2013); *Nunley v. City of Los Angeles*, 52 F.3d 792, 795 (9th Cir. 1995).

The committee notes and history of Appellate Rule 4(a)(6) support Moody's position. Appellate Rule 4(a)(6) was created in 1991 to provide "a limited opportunity for relief in circumstances where the notice of entry of a judgment or order, required to be mailed by the clerk of the district court pursuant to Rule 77(d) of the Federal Rules of Civil Procedure, is either not received by a party or is received so late as to impair the opportunity to file a timely notice of appeal." Fed. R. App. P. 4 advisory committee's note to 1991 amendment. In 1998, however, the Rule was amended and its reference to notice under Rule 77(d) was removed. As a result, "*some* type of notice" was sufficient, "[b]ut the text of the amended rule did not make clear what type of notice qualified. This was an invitation for litigation, confusion, and possible circuit splits." Fed. R. App. P. 4 advisory committee's note to 1998 amendment.

The drafters addressed this issue by restoring reference to Rule 77(d) in the 2005 amendment, thereby narrowing the type of notice sufficient to start the clock under Appellate

5

Rule 4(a)(6). Rule 77(d) was used to simplify the requirement of service—because it is "clear and familiar" to courts and easy to prove, Fed. R. App. P. 4 advisory committee's note to 2005 amendment—not to circumscribe the separate requirement of receipt. *See Khor Chim Lim*, 683 F.3d at 380 (explaining that the 2005 amendment clarified "what *kind* of notice Rule 4(a)(6) is talking about," but "[t]his rule for what it means to 'serve' a document does not tell us that service equals receipt.").

The weight of authority in the Third Circuit also supports Moody's argument. In several opinions, the Third Circuit has suggested that Appellate Rule 4(a)(6) requires receipt, and not merely proper service under Rule 77(d). *See, e.g.*, *Baker v. United States*, 670 F.3d 448, 462 n.19 (3d Cir. 2012); *Bazuaye v. Chertoff*, 230 F. App'x 136, 137 (3d Cir. 2007) (per curiam) ("Assuming that neither [movant] nor his attorney received notice of the 'entry' of the judgment, it is possible that [movant] technically met the requirements for filing a Rule 4(a)(6) motion."); *Poole v. Family Court of New Castle Cnty.*, 368 F.3d 263, 265, 267 (3d Cir. 2004) (calculating plaintiff's time to file motion under pre-2005 amendment Rule from date he actually received notice of entry of the Order). In *Baker*, the Court held that it could not extend the 180-day requirement of Rule 4(a)(6)(B), but noted that "[i]n the mine run of cases, . . . Appellate Rule 4(a)(6) will be available to allow reopening the time to file an appeal . . . when a litigant— whether a pro se prisoner or not—has not received notice of the appealable order in a timely fashion." *Baker*, 670 F.3d at 462 n.19. The court explained that Appellate Rule 4(a)(6) applies "regardless of whether the delay is attributable to clerk's office error or prison official error, because in the normal case, notice will be received, even if somewhat delayed, less than 180 days after the entry of the order sought to be appealed."

And in a 2016 unpublished opinion, the Third Circuit considered both service and receipt in deciding an Appellate Rule 4(a)(6) motion. *See Jacobs v. Warden*, 666 F. App'x 111 (3d Cir. 2016), *reh'g denied* (Dec. 20, 2016). In *Jacobs*, an incarcerated pro se plaintiff filed a motion to reopen his time to file an appeal, also claiming that he never received the relevant order because of prison officials' interference with his mail. *Id.* at 112. Because the plaintiff offered "only unsubstantiated allegations of mail interference by prison officials," the court found that he failed to meet his burden and denied the motion. But the Third Circuit suggested that its decision would be different if the plaintiff could prove that he never received the order. *See id.*

Defendants cite a recent unpublished Third Circuit opinion for the proposition that "mailing a copy of an order to a party's last known address [is] sufficient service, regardless of whether that order is actually received." (Defs.' Opp'n to Mot. to Reopen Time to File an Appeal at 4 (citing *Heidelberg v. City of Erie Police Dep't*, 678 F. App'x 65, 68 (3d Cir. 2017)).) In *Heidelberg*, the Third Circuit refused to extend the time to file an appeal where the incarcerated pro se plaintiff did not actually receive notice of the order in question. *Heidelberg*, 678 F. App'x at 69. The clerk's office had mailed the order to plaintiff's institution, but it was returned as undelivered (and marked as such on the docket) because plaintiff failed to file a notice of change of address. *Id.* at 68. The court noted: "[E]ven if we were to assume that Heidelberg's [motion] is properly construed as a motion to reopen the appeal period under Fed. R. App. 4(a)(6), *and* that it was timely filed, the Magistrate Judge properly declined to reopen the appeal period and properly denied the motion because service of the final order was mailed to Heidelberg at his last known address." *Id.* at 69.

Although *Heidelberg* appears to support Defendants' argument, this Court understands that dictum as rooted in the understanding that "receipt" under Appellate Rule 4(a)(6) does not

require actual notice. *See Khor Chin Lim*, 683 F.3d at 381 (holding that order is received under Appellate Rule 4(a)(6) when "delivered to the proper address" and that plaintiff's avoidable failure to actually read the notice was no excuse). The *Heidelberg* court explained that it was "[plaintiff's] responsibility to file a notice of change of address" and that plaintiff had been warned by the trial court that a failure to do so could result in dismissal of the case. *Heidelberg*, 678 F. App'x at 68–69.

Unlike the plaintiff in *Heidelberg*, there is no suggestion here that Moody is to blame for not receiving the order. Moody has also presented more than the "unsubstantiated allegations" that foreclosed relief in *Jacobs*. To the extent that one can prove non-receipt, Moody has demonstrated that he did not receive this Court's July 24 Order. *See Nunley*, 52 F.3d at 795 (noting that "non-receipt is difficult to prove conclusively" and that though the burden is on the plaintiff, "the rule does not mandate a strong presumption of receipt").

**B.     Appellate Rule 4(a)(6)(B): Timeliness of Motion to Reopen Time to Appeal**

Appellate Rule 4(a)(6)(B) requires that the motion be filed within the earlier of either 180 days after the judgment is entered or 14 days after the moving party receives notice under Rule 77(d). Because Moody never received notice under Rule 77(d), the Court need only find that he filed his motion within 180 days after the judgment in question was entered. *See* Fed. R. App. P. 4 advisory committee's note to 2005 amendment ("[O]nly formal notice of the entry of a judgment or order under Civil Rule 77(d) will trigger the [now 14-day] period to move to reopen the time to appeal.").

Because the Court's Order was entered on July 24, 2017, Moody's deadline was Monday, January 22, 2018. *See* Fed. R. App. P. 26(a)(1)(C) (extending deadline falling on a weekend to the next weekday). Moody signed his motion and a certificate of service on January 17, 2018.

The motion was received by the clerk's office on January 22, 2018. As such, Moody's motion is timely under Appellate Rule 4(a)(6)(B).

### C. Appellate Rule 4(a)(6)(C): Prejudice in Reopening Time to Appeal

In order to reopen the time to file an appeal, the Court must also find that no party would be prejudiced by its decision. Fed. R. App. P. 4(a)(6)(C). Prejudice is "some adverse consequence other than the cost of having to oppose the appeal and encounter the risk of reversal, consequences that are present in every appeal." Fed. R. App. P. 4 advisory committee's note to 1991 amendment. Defendants have not argued that they would be prejudiced and the Court therefore finds that no party would be prejudiced by it granting Moody's motion. *See Bright v. United States*, Civ. A. No. 97-23, 2007 WL 1695708, at *2 (E.D. Pa. Apr. 2, 2007).

## III. CONCLUSION

Because Moody has met the requirements of Appellate Rule 4(a)(6), this Court will reopen the time to file an appeal for a period of 14 days from the date on which this Order is entered. The Court cautions, however, that because Appellate Rule 4(a)(6) is a jurisdictional rule, this 14-day period may not be extended. *See Bowles v. Russell*, 551 U.S. 205, 213 (2007). An appropriate Order will be docketed separately.